$250.00





## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIE BROWN<br>163 N. Dewey Street<br>Philadelphia, Pa. 19139<br>And<br>BERNARD ADAMS<br>5922 Market Street<br>Philadelphia, Pa. 19139 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION<br>NO.<br><br>05cv1599 |
| V. | : | |
| UNITED STATES OF AMERICA<br>Suite 1250, 615 Chestnut Street<br>Philadelphia, PA. 19106<br>And<br>UNITED STATES POSTAL SERVICE<br>Room 508, 2970 Market Street<br>Philadelphia, Pa. 19104 | : <br> : <br> : <br> : <br> : <br> : <br> : | FILED<br>APR - 7 2005<br>MICHAEL E. KUNZ, Clerk<br>By_____Dep. Clerk |

### COMPLAINT IN CIVIL ACTION

1. Plaintiff, Willie Brown, is an adult individual who resides at the above captioned address.

2. Plaintiff, Bernard Adams, is an adult individual who resides at the above captioned address.

3. Defendant, United States Postal Service, is an agency of the defendant, United States of America with offices for acceptance of legal process at the above captioned address.

4. Jurisdiction over this action is conferred upon this Court pursuant to the Federal Tort Claims Act.



## COUNT ONE
## WILLIE BROWN v. DEFENDANTS

5. On, or about August 16, 2002, at approximately 8:45 a.m., plaintiff was operating his motor vehicle eastbound on the 3700 block of Chestnut Street within in the City and County of Philadelphia, Commonwealth of Pennsylvania.

6. On the above mentioned date and location, the defendants' vehicle was being operated by their agent, servant, workman, or employee within the scope, agency and employment of said relationship.

7. On the above mentioned date and location, the defendants' vehicle was proceeding in the same direction as the plaintiff's vehicle, but from a point behind said vehicle when the operator of the defendants' vehicle struck the vehicle operated by the plaintiff in the rear.

8. As a result of the negligence and carelessness of the defendant, plaintiff suffered severe injuries hereinafter more fully described.

9. The negligence of the defendant, consisted of, but is not limited to the following: operating said vehicle at a high and unsafe rate of speed under the circumstances; failing to have said vehicle under proper and adequate control at the aforesaid time; operating said vehicle without due regard for the rights, safety and position of the plaintiff herein at the point aforesaid; failing to give proper and adequate warning of the approach of said vehicle; and negligence and carelessness of law.

10. By reason of the aforesaid negligence of the defendant, plaintiff suffered severe injuries of the bones, muscles, tendons, ligaments, nerves and tissues of the head, body and limbs, which may be permanent in nature, some of which may have been an aggravation of a pre-existing condition, all of which have in the past and may into the future cause plaintiff great pain and suffering.

11. As a further result of this accident, plaintiff has been, or will be, obliged to receive and undergo medical attention and care and to expend various sums of money for said care for an indefinite period of time into the future.

12. Further, as a result of the defendant's negligence, plaintiff has and/or may suffer a loss of earnings and/or earning capacity.

13. As a result of said collision the plaintiff's motor vehicle was damaged and in need of repair, or replacement.

**WHEREFORE**, plaintiff demands judgment against defendants in an amount not in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, excluding interest, attorneys fees and costs of suit.

**COUNT ONE**
**BERNARD ADAMS v. DEFENDANTS**

14. On, or about August 16, 2002, at approximately 8:45 a.m., plaintiff was a passenger in the motor vehicle owned/operated by the plaintiff, Willie Brown that was proceeding eastbound on the

3700 block of Chestnut Street within in the City and County of Philadelphia, Commonwealth of Pennsylvania.

15. On the above mentioned date and location, the defendants' vehicle was being operated by their agent, servant, workman, or employee within the scope, agency and employment of said relationship.

16. On the above mentioned date and location, the defendants' vehicle was proceeding in the same direction as the plaintiff's vehicle, but from a point behind said vehicle when the operator of the defendants' vehicle struck the vehicle in which the plaintiff was a passenger in the rear.

17. As a result of the negligence and carelessness of the defendant, plaintiff suffered severe injuries hereinafter more fully described.

18. The negligence of the defendant, consisted of, but is not limited to the following: operating said vehicle at a high and unsafe rate of speed under the circumstances; failing to have said vehicle under proper and adequate control at the aforesaid time; operating said vehicle without due regard for the rights, safety and position of the plaintiff herein at the point aforesaid; failing to give proper and adequate warning of the approach of said vehicle; and negligence and carelessness of law.

19. By reason of the aforesaid negligence of the defendant, plaintiff suffered severe injuries of the bones, muscles, tendons, ligaments, nerves and tissues of the head, body and limbs, which

may be permanent in nature, some of which may have been an aggravation of a pre-existing condition, all of which have in the past and may into the future cause plaintiff great pain and suffering.

20. As a further result of this accident, plaintiff has been, or will be, obliged to receive and undergo medical attention and care and to expend various sums of money for said care for an indefinite period of time into the future.

21. Further, as a result of the defendant's negligence, plaintiff has and/or may suffer a loss of earnings and/or earning capacity.

**WHEREFORE**, plaintiff demands judgment against defendants in an amount not in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, excluding interest, attorneys fees and costs of suit.

_____
Jeffery L. Krain, Esquire
Attorney for Plaintiffs

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX H

05cv1599

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
BROWN, WILLIE AND ADAMS, BERNARD

### DEFENDANTS
USA AND US POSTAL SERVICE

(b) County of Residence of First Listed Plaintiff: PHILADELPHIA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: ___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
JEFFERY L. KRAIN  215 832 1025
1516 TWO PENN CTR., PHILA. PA. 19102

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
FEDERAL TORT CLAIMS ACT
Brief description of cause:
US POSTAL SERVICE TRUCK STRUCK PLAINTIFFS IN THE REAR

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ LESS THAN 150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

### VIII. RELATED CASE(S) IF ANY
NONE
JUDGE: ___
DOCKET NUMBER: ___

APR 07 2005

DATE: 4-7-2005
SIGNATURE OF ATTORNEY OF RECORD: /s/ Jeffery Krain

**FOR OFFICE USE ONLY**

RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___

UNITED STATES DISTRICT COURT    05CV1599    APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 163 N. Dewey St., Phila. PA. 19139

Address of Defendant: 615 Chestnut St., Phila. PA.

Place of Accident, Incident or Transaction: 3700 Chestnut St., Phila. PA.
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐    No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐    No ☒

RELATED CASE, IF ANY:

Case Number _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions.

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes ☐    No ☒

CIVIL (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) FEDERAL TORT CLAIMS

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, JEFFERY L. KRAIN, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs,

☐ Relief other than monetary damages is sought.

DATE: 4-7-2005    _____    26108
                   Attorney-at-Law               Attorney I.D.#

APR 07 2005

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4-7-2005    _____    26108

JP

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

APPENDIX I

## CASE MANAGEMENT TRACK DESIGNATION FORM

WILLIE BROWN, ET AL.  :  CIVIL ACTION

v.  :

USA, ET AL.  :  NO. 05cv1599

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

April 7, 2005     Jeffrey L. Krain     [signature]
Date              Attorney-at-law      Attorney for Plaintiffs

215 832 1025     215 832 0346     JLKRAIN@YAHOO.COM
Telephone         FAX Number        E-Mail Address

7 2005

(Civ. 660) 10/02